

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Linton S. Savage
County Attorney
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-1467
Re: What amount in fees can the
constables and Justices of
the Peace in Nueces County,
Texas, retain for the year
1935?

    Your request for our opinion on the above stated question has been received by this department.

    House Bill 164, Acts of the 44th Legislature of 1935, p. 707, ch. 303, reads in part as follows:

    "An Act to amend Subdivision 3, of Article 3883, of Section 1, of Chapter 220, of Acts of the Forty-third Legislature, of the State of Texas, Regular Session 1933, Page 734, by raising the salaries of Justices of the Peace, and Constables in certain counties, and providing for excess fee remuneration; repealing all laws or parts of laws in conflict herewith; providing that this Act shall become effective on its passage, and declaring an emergency.

    "BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

    "SECTION 1. That Subdivision 3, of Article 3883, of Section 1, of Chapter 220, Acts of the Forty-third Legislature of the State of Texas, Regular Session, 1933, Page 734, be, and the same is hereby amended by adding to said Article another section, to be known as Section 7, which shall read as follows:

    "'Section 7. Article 3883. Provided that in any county in this State having a population of not less than fifty-one thousand, seven hun-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Linton S. Savage, Page 2

dred and seventy-nine (51,779) nor more than
fifty-two thousand, seven hundred and seventy-
nine (52,779), according to the last preceding
Federal Census of the United States, Justices
of the Peace and Constables shall have and re-
ceive as fees of office Twenty-seven Hundred
and Fifty Dollars ($2750) each per annum.  Pro-
vided that such Justices of the Peace and Con-
stables shall also receive excess fees in ad-
dition thereto by retaining one-third of such
excess fees until such one-third of such excess
fees, together with the said amount of Twenty-
seven Hundred and Fifty Dollars ($2750), equals
the sum of Three Thousand Dollars ($3000).'

"SEC.2.  All laws or parts of laws in con-
flict herewith are hereby repealed.

"SEC. 3.  This Act shall become effective
on and after its passage.

"SEC. 4.  The fact that the passage of Chap-
ter 220, Acts of the Regular Session of the Forty-
third Legislature, 1933, Page 734, made inadequate
provision for the compensation of the Justices of
the Peace and Constables in such counties, which
omission and failure to so provide will result in
a serious impairment of the work of the Justice
Courts and Constables, and impose an undue hard-
ship on those Justices of the Peace and Constables
in the larger cities in such counties who will
reach their maximum fee limits and excess fees of
office long before the end of the current year,
and who will be expected and required to serve the
public in their many duties without remuneration
thereafter, and the fact that such officials are
called on and required to perform many duties for
which no fee or other compensation is provided,
create an emergency and an imperative public ne-
cessity that the Constitutional Rule requiring
bills to be read on three several days be, and the
same is hereby suspended, and this Act shall take
effect and be in force from and after its passage,
and it is so enacted."

The abovementioned Act was finally passed in May,
1935, and filed with the Secretary of State on May 17, 1935.
Naturally the question arises whether or not it is manifest
from the language in the Act itself that it was the inten-
tion of the Legislature to increase the maximum allowance
to such officers for the entire year, 1935, and all future

years, or whether it was the intent to make same applicable only to that portion of the year 1935 which followed the effective date of the Act.

The emergency clause clearly indicates an attempt on the part of the Legislature to make the increase in salary to apply throughout the current year of 1935. The use of the word "current year" is indicative of the intent of the Legislature to treat the allowance to the Justices of the Peace and constables as being on a yearly basis, that is, from January 1 to December 31. The remuneration for these officers was treated as being on a yearly basis, and the increase provided for in the Act was clearly intended to cover the entire year for which the maximum fee limit was provided. It is true, as a general rule, that laws speak prospectively and not retroactively, however, where a contrary intent on the part of the Legislature is manifest either by express language in the Act or by logical implication, such laws may have a retroactive effect. See the cases of Cox vs. Robison, 150 S. W. 1149; American Surety Co. of N. Y. Vs. Axtell Co. 36 S. W. (2d) 715.

The Justice of the Peace earns his salary or compensation on a yearly basis. His duties carry on throughout the current year. At the end of that current year he is required to make a sworn statement of the report showing the amount of all fees, commissions and compensations taken in during such year. See Article 3897, Vernon's Civil Statutes.

If during such year the Justice of the Peace has received fees in excess of the limits prescribed by law for his remuneration, he has to reimburse the county. If he has received equal to or less than the maximum allowed, he has no duty to remit anything to the county. In other words, the accounting takes place at the end of the year. In the case of Freeman vs. Terrill, 284 S. W. 946, the Supreme Court, speaking through presiding judge Powell, on the Commission of Appeals in an opinion expressly adopted by the Supreme Court, held that a similar act which increased the fees collected by a tax assessor for the current applied throughout such year and was not pro ratable. We quote from this case as follows:

"The fee statute provides a certain per cent of assessed valuation as pay for the assessor's services. The compensation is not

Hon. Linton S. Savage, Page 4

for taking renditions only. The statute does not say he shall receive so much for part of his work and something else for other official duties. If the compensation was divisable, it would be possible to apply the 1920 Fee Statute to part of relator's accounts and the 1925 law to other portions thereof, but, since it is impossible to place a value upon his several services, it must be assumed that the Legislature intended to apply the new rate to the 1925 services as a whole. This is all the more reasonable a conclusion in view of the fact that the Legislature knew he could not present his bill for services until the fall of 1925. At the time his account became due, the new rate was effective. If the Legislature had intended to apply one rate to part of the account and another to the other, then he should have provided a method for doing so. It should have placed a value on each part of the work. Not having done so, we hold there was no such intention on the part of the lawmakers. We think this officio should be paid under the 1925 statute. We have no authority covering this situation, and counsel cite none. We assume that no attorney in this case has found any authority in point."

We do not pass upon the constitutionality of the statute here involved, because not requested. However, for your information, we are herewith enclosing copies of Opinion Nos. 735 and 843.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the Justices of the Peace and constable serving as such officials in the counties that come within the population brackets as above designated were entitled to collect a maximum of Three Thousand Dollars ($3000) for their services throughout the year of 1935 and no proration was intended by the Legislature.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

APPROVED OCT 23, 1939

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

ATTORNEY GENERAL OF TEXAS

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN